IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case Number: 1:08-CV-00847

| | | |
|---|---|---|
| ANDREA C. WEATHERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSITY OF NORTH | ) | |
| CAROLINA AT CHAPEL HILL; | ) | |
| HERBERT B. PETERSON, | ) | **Joint Rule 26(f) Report** |
| in his individual and official capacity; | ) | |
| JONATHAN KOTCH, | ) | |
| in his individual and official capacity; | ) | |
| BARBARA K. RIMER, | ) | |
| in her individual and official capacity; | ) | |
| EDWARD M. FOSTER, | ) | |
| in his individual and official capacity; | ) | |
| and | ) | |
| SANDRA L. MARTIN, | ) | |
| in her individual and official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

1. Pursuant to Fed. R. Civ. P. 26(f) and L.R. 16.1(b), a meeting was held on August 13, 2009 by teleconference and was attended by Dieter Mauch and Andrea Winters Morelos for Plaintiff and by Thomas Ziko for all Defendants (collectively, the "parties").

2. <u>Discovery Plan.</u> The parties propose to the court the following discovery plan:

1

a)      Discovery will be needed on the following subjects:

1.      All facts relating to plaintiff's claim of discrimination based on her race in violation of Title VII or her constitutional rights to equal protection.

2.      Whether race was at least a motivating factor in the Defendants' decision of whether to promote and grant tenure to Plaintiff or whether discriminatory intent underlay Defendants' actions with regard to Plaintiff's employment.

3.      Whether there was an atmosphere of racial discrimination (overt or indirect) or racial animus that existed in the Maternal and Child Health Department ("Department") and/or the School of Public Health at the University of North Carolina at Chapel Hill.

4.      Whether Plaintiff was prevented or hindered (overly or indirectly) from completing tasks normally associated with advancement within the Department due to an atmosphere non conducive to assisting minority junior faculty on tenure track such as Plaintiff.

5.      Whether race was a contributing factor to the initial hiring and appointment of Plaintiff in 2001 or in subsequent actions related to Plaintiff's hiring or employment.

2

6. Whether plaintiff requested reappointment, promotion and tenure in accordance with University policies.

7. The identity of potential witnesses or persons with relevant information and the basis of any expert testimony.

8. What, if any, damages plaintiff has suffered as a result of the Defendants' actions.

b) Discovery shall be placed on a case-management track established in L.R. 26.1. The parties agree that the appropriate plan for this case (with the parties' stipulated modifications set out below) is that designated in L.R. 26.1(a) as COMPLEX with the following modifications.

*The date for completion of discovery (general and expert) is May 31, 2010, which is approximately seven (7) months after the deadlines set herein for any further amendments to pleadings and joinder of additional parties.

*Stipulated modifications to the case management track include the following:

i. For purposes of discovery requests and responses, treating all the named defendants as two defendants instead of six as follows: Defendant University of North Carolina as the first defendant and the five individually-listed defendants (Kotch, Peterson, Rimer, Foster, and Martin)

3

collectively as the second defendant. Further, each propounding party (whether it be the Plaintiff, the University of North Carolina defined hereinabove as the "first defendant", or the collective group of individually-listed defendants defined hereinabove as the "second defendant") may direct no more than twenty-five (25) interrogatories (including subparts) and 25 requests for admission to any other party (again as defined hereinabove).

ii.      Each propounding party (whether it be the Plaintiff, the University of North Carolina defined hereinabove as the "first defendant", or the collective group of individually-listed defendants defined hereinabove as the "second defendant") shall be allowed ten (10) depositions (including any experts).

*Reports retained by experts under Rule 26(a)(2) are due during the discovery period from Plaintiff by February 15, 2010, from Defendants, including rebuttal experts, by March 15, 2010, and Plaintiff will submit rebuttal experts by April 15, 2010.

*Supplementations under Rule 26(e) are due by the end of discovery.

4

3.     Mediation.  Mediation should be conducted midway in the discovery

period, the exact date to be set by the mediator after consultation with the parties.

The parties shall agree upon a mediator by December 15, 2009.

4.     Preliminary Deposition Schedule.  Preliminarily, the Parties agree to the

following schedule for depositions:

a)     The depositions of fact witnesses will be conducted between November 15,

2009 and May 15, 2010.

b)     The depositions of expert witnesses will be conducted between March 1,

2010 and May 31, 2010.

The parties will update this schedule at reasonable intervals.

5.     Other items.

a)     Plaintiff should be allowed until September 30, 2009 to request leave to

join additional parties or amend pleadings.  Defendants should be allowed until

October 31, 2009 to request leave to join additional parties or amend pleadings.

After these dates, the court will consider, inter alia, whether the granting of leave

would delay trial.

b)     The parties have discussed special procedures for managing this case,

including reference of the case to a magistrate judge on consent of the parties

pursuant to 28 U.S.C. § 636(c), or appointment of a master. The parties do not consent to having the case referred to a magistrate judge.

c)     The parties stipulate that their Initial Disclosures pursuant to Rule 26(a)(1) shall be due September 15, 2009.

d)     Trial of the action is expected to take approximately one (1) week. A jury trial has been demanded.

This the 21st day of August, 2009.

/s/ Dieter Mauch
North Carolina State Bar No. 16735
*Attorney for Plaintiff*
HEDRICK MURRAY BRYSON KENNETT
MAUCH & CONNOR PLLC
3511 Shannon Road, Suite 200
Durham, North Carolina 27707
Telephone: (919) 419-3300
Facsimile: (919) 419-1600
Email: dmauch@hedrickmurray.com

ROY COOPER
Attorney General
/s/ Thomas J. Ziko
North Carolina State Bar No. 8577
Senior Deputy Attorney General
*Attorney for Defendants*
N.C. Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
Telephone: (919) 716-6920
Facsimile: (919) 716-6764
Email: tziko@ncdoj.gov

6