IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
FILE NO. 1:08-CV-00847

| | |
|---|---|
| ANDREA C. WEATHERS,<br><br>    Plaintiff,<br><br>v.<br><br>UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL, et al.,<br><br>    Defendants. | **CONSENT PROTECTIVE ORDER** |

**WHEREAS**, in this action, Plaintiff, Andrea C. Weathers, alleges that Defendants violated her federal constitutional rights under 42 U.S.C. Section 1983 and unlawfully discriminated against her in violation of Title VII of the Civil Rights Act of 1964 as amended by the 1991 Act;

**WHEREAS**, discovery sought in this action may require the production of certain confidential information, such as personal medical records, state employee personnel files protected under N.C.G.S. § 126-22 *et seq.* and personally identifiable student records protected under the Family Educational Rights and Privacy Act of 1974 (FERPA) 20 USCS § 1232g; and;

**WHEREAS**, Plaintiff and Defendants have agreed to the entry of this Order protecting the confidentiality of such information, and there is good cause for the issuance of this Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

**IT IS HEREBY ORDERED** as follows:

1. In accordance with the provisions set forth below, the Court orders that confidential information and documents produced, obtained or exchanged in the course of this action shall be used by the party to whom such documents are produced, obtained or exchanged solely for the purpose of this lawsuit and for no other purpose.

2. Any documents produced or exchanged between Plaintiff and Defendants and any information contained in discovery, including but not limited to deposition testimony and deposition exhibits, which a party believes is protected from disclosure under governing law, may be designated as "Confidential." All documents and information so designated and all copies thereof (hereinafter referred to collectively as "Confidential Information"), shall be treated as confidential and shall not be disclosed except as provided in this Order; provided, however, that counsel for the party designating information as Confidential may, in writing and without Court approval, agree to release any of the Confidential Information from the requirements of this Order; and provided further that nothing in this Order shall prevent any party from challenging the designation of any document as Confidential.

3. Any party may designate a document as Confidential pursuant to the term of this Order by affixing to the first page thereof a stamp with the legend "CONFIDENTIAL" or may, in the alternative, by written notice inform opposing counsel that the document is to be treated as Confidential Information. It is agreed by the parties that if a party wishes to maintain the confidentiality of the document in any filing with this Court, then the party must follow the procedures set forth in paragraphs 9 and 10 of this Consent Protective Order. Further, initially designating a document as

Confidential does not obligate either party to later file it under seal unless so required by this Court.

4. Confidential Information shall be produced only to counsel of record in this action all of whom shall be bound by the terms of this Order.

5. Neither the Confidential Information nor its contents shall be disclosed to any other person without the agreement of the party designating information as Confidential, except that counsel may, without further agreement, disclose the Confidential Information or its contents to the following persons for use solely in connection with this action under the following conditions:

   a. Attorneys, legal assistants, and other employees of the parties who have a need to handle the Confidential Information under normal office procedure;

   b. Experts or consultants retained by the parties with respect to this action;

   c. Any person from whom testimony has been taken or is reasonably expected to be taken in this action (whether by deposition or at trial);

   d. This Court and its staff;

   e. Any court reporters present in their official capacity at any hearing, deposition or other proceeding in this action; and

   f. The parties in this action.

6. Any party may also designate portions of a deposition as Confidential Information by notifying the other party in writing within twenty (20) days of receipt of the transcript of the portions that are designated Confidential. Confidential Information

within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following: "CONFIDENTIAL." Any party wishing to use Confidential Information within a deposition transcript for a filing with this Court shall follow the procedures set forth in paragraph 9 and 10 in this Consent Protective Order.

7. Confidential Information shall be used solely for the purpose of prosecution or defense of this action, and such documents may be used, consistent with the terms of this Order, in pretrial discovery and at the trial or preparation for trial and any appeals of this action.

8. Producing or receiving materials or otherwise complying with the terms of this Order shall not:

>a. operate as an admission by any party that any particular discovery material contains or reflects any Confidential Information; or
>
>b. prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise; or
>
>c. prejudice in any way the rights of a party to seek a court determination whether particular discovery materials should be produced or considered confidential; or
>
>d. prejudice in any way the rights of a party to apply to the Court for any additional protection with respect to the confidentiality of documents or information as that party may consider appropriate.

9. Before filing any information that has been designated "Confidential Information" with the Court, or any pleadings, motions, or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with MDNC Local Civil Rules, with notice served upon the producing party.

10. The filing of the materials under seal shall not be binding on the Court. Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. If the party desiring the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

11. The Confidentiality provisions of this Order shall survive any settlement, judgment or other disposition or conclusion of this action, and all appeals there from, and this Court shall retain continuing jurisdiction in order to enforce the terms of this Order. At the conclusion of this litigation, including any appeals which may be filed, each party will return to the other all Confidential Information, including copies, received from the other during the course of this litigation, or shall destroy all Confidential Information and certify in writing to counsel that the Confidential Information has been destroyed.

12. Any party may at any time and for any reason seek modification of this

Protective Order. This Protective Order can be modified only by written agreement of the parties or by Order of this Court. Each party reserves the right to object to any party's motion or request to modify this Protective Order.

**IT IS SO ORDERED**

DATE:

_____

United States Magistrate Judge/District Judge

AGREED TO BY:

| **Counsel for Defendants** | **Counsel for Plaintiff** |
|---|---|
| ROY COOPER | THE CONNOR LAW FIRM, PLLC |
| Attorney General | |
| | |
| /s/ Thomas J. Ziko | /s/Gregory S. Connor |
| Thomas J. Ziko | Gregory S. Connor |
| N.C. State Bar No. 8577 | N.C. State Bar No. 22445 |
| Senior Deputy Attorney General | The Connor Law Firm, PLLC |
| Attorney for Defendants | Suite 300 |
| N. C. Department of Justice | 2530 Meridian Parkway |
| P. O. Box 629 | Durham, NC 27713 |
| Raleigh, North Carolina 27602 | Telephone: (919) 237-9220 |
| Telephone: (919) 716-6920 | Fax: (919-237-9221 |
| Fax: (919) 716-6764 | Email: gconnor@connorlaw.com |
| Email: tziko@ncdoj.com | |